
VINCENT J. LA PAGLIA, ESQ.
Attorney ID #: 012771976
Attorney at Law
80 River Street, Suite 306
Hoboken, NJ 07030
(201) 222-6615 – telephone
(201) 222-6318 – facsimile
vjl@vlapaglialaw.com
Attorney for Plaintiff: Shipping and Transit

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHIPPING and TRANSIT, LLC,

    Plaintiff,

vs.

Diakon Logistics, Inc.

    Defendant.
_____/

Case No. _____

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Shipping and Transit, LLC, by and through its undersigned counsel, hereby sues Defendant, Diakon Logistics, Inc. and in support, alleges as follows:

### NATURE OF THE LAWSUIT

1. This is an action for patent infringement of United States Patent Numbers: 6,415,207, 6,904,359, 6,763,299, 7,400,970 arising under the patent laws of the United States, Title 35 of the United States Code.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over DIAKON LOGISTICS, INC. pursuant to, *inter alia*, 28 U.S.C. § 1694, in that DIAKON LOGISTICS, INC. regularly does business in the State of New Jersey.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

### THE PLAINTIFF

5. Plaintiff, Shipping and Transit, LLC, is a Florida Limited Liability Company with a principal place of business located in Boynton Beach, Florida.

### THE DEFENDANT

6. Defendant, DIAKON LOGISTICS, INC. is a Virginia Corporation with its headquarters in Manassas, Virginia. Upon information and belief, DIAKON LOGISTICS, INC. transacts business in New Jersey and within this Judicial District through use of its electronic tracking, text, email and other messaging to customers within this State and Judicial District. DIAKON LOGISTICS, INC., has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of New Jersey services and/or products that infringe claims of the 6,415,207, 6,904,359, 6,763,299, 7,400,970 patents.

### THE PLAINTIFF'S PATENTS

7. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 6,415,207 (the "207 patent"), entitled "System and Method for Automatically providing vehicle status information", issued July 2, 2002. A copy of the '970 patent is attached hereto as Exhibit 1.

8. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 6,904,359 ("the '359 patent"), entitled

2

"Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events", issued June 7, 2005. A copy of the '359 patent is attached hereto as Exhibit 2.

9. The '359 patent referenced in Paragraph 8 above was the subject of an Inter Partes Reexamination at the United States Patent and Trademark Office. A Reexamination Certificate was issued on May 25, 2010 and is attached hereto as Exhibit 3.

10. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 6,763,299 (the "299 patent"), entitled "Notification systems and methods with notification based upon prior stop locations", issued July 12, 2004. A copy of the '299 patent is attached hereto as Exhibit 4.

11. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 7,400,970 ("the '970 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued July 15, 2008. A copy of the '970 patent is attached hereto as Exhibit 5.

## COUNT I
## DIRECT PATENT INFRINGEMENT

12. Plaintiff hereby incorporates Paragraphs 1 through 11 set forth above as if fully set forth herein.

13. Pursuant to 35 U.S.C. § 271(a), DIAKON LOGISTICS, INC. has directly infringed claims of the 6,415,207, 6,904,359, 6,763,299, 7,400,970 patents through, among other activities, products, programs, applications, functions, systems and methods, the use of tracking and notification technologies within its **"ADVANCE SHIP NOTICE"** and **"SHIPPING CONFIRMATION EMAIL"** ("The *email address you provide* may be *used to send you information and updates* pertaining to your order..." www.satellitephonestore.com) services that are protected within the 6,415,207, 6,904,359,

6,763,299, 7,400,970 patents, as every claim limitation, or its equivalent, is found in these functions, applications, solutions, devices, programs, products, services, methods and/or systems.

14.  Specifically, Defendant's ship notice/manifest, sometimes referred to as the Advanced Shipment Notice (ASN), or the 856 EDI document, is generated when a user at a computer system elects to purchase an item via Defendant's website and enters an email address as part of the purchase process. Defendant explains by purchasing they will be provided "order confirmation" and more importantly "shipment confirmation" by selecting to purchase from their website ("The *email address you provide* may be *used to send you information and updates* pertaining to your order..." www.satellitephonestore.com). When a user selects a method of shipping when purchasing an item from Defendant's website, a user necessarily is required to elect a shipping method that allows tracking ("To *check on the delivery status of your mailing*, enter your label or receipt number in the space provided" www.satellitephonestore.com). Once this election is made, and as the order is processed, shipment confirmations are sent based on a tracking input when the package starts its route (likely pick-up, placed on conveyer belt and/or scanned out to loading dock/out of warehouse, etc.) to its destination (delivery address).

15.  DIAKON LOGISTICS. INC.'s direct infringement has injured and will continue to injure Plaintiff unless and until a monetary judgment is entered in favor of Plaintiff and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the 6,415,207, 6,904,359, 6,763,299, 7,400,970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against DIAKON LOGISTICS, INC. and its subsidiaries, affiliates, agents, servants, employees and all

persons in active concert or participation with DIAKON LOGISTICS, INC., granting the following relief:

A. An award of damages against DIAKON LOGISTICS, INC. adequate to compensate Plaintiff for the infringement that has occurred with respect to DIAKON LOGISTICS, INC., together with prejudgment interest from the date that DIAKON LOGISTICS, INC.'s infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiff its attorney's fees and costs as provided by 35 U.S.C. § 285;

D. All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT II
## INDIRECT PATENT INFRINGEMENT

16. Plaintiff hereby incorporates Paragraphs 1 through 11 set forth above as if fully set forth herein.

17. Pursuant to 35 U.S.C. §§ 271(b) and (c), DIAKON LOGISTICS, INC., has indirectly infringed claims of the 6,415,207, 6,904,359, 6,763,299, 7,400,970 patents through, among other activities, products, programs, applications, functions, systems and methods, the use of tracking and notification technologies within its **"ADVANCE SHIP NOTICE"** and **"SHIPPING CONFIRMATION EMAIL"** ("The *email address you provide* may be *used to send you information and updates* pertaining to your order..." www.satellitephonestore.com) services that are protected within the 6,415,207, 6,904,359, 6,763,299, 7,400,970 patents, as DIAKON LOGISTICS, INC. actively and intentionally induced infringement with knowledge that the induced acts constituted infringement, or acted with willful blindness; and/or contributed to infringement by one or more

third parties as DIAKON LOGISTICS, INC. had knowledge, rather than intent, that its activity caused such infringement.

18. Specifically, Defendant's ship notice/manifest, sometimes referred to as the Advanced Shipment Notice (ASN), or the 856 EDI document, is generated when a user at a computer system elects to purchase an item via Defendant's website and enters an email address as part of the purchase process. Defendant explains by purchasing they will be provided "order confirmation" and more importantly "shipment confirmation" by selecting to purchase from their website ("The *email address you provide* may be *used to send you information and updates* pertaining to your order..." www.satellitephonestore.com). When a user selects a method of shipping when purchasing an item from Defendant's website, a user necessarily is required to elect a shipping method that allows tracking ("To *check on the delivery status of your mailing*, enter your label or receipt number in the space provided" www.satellitephonestore.com). Once this election is made, and as the order is processed, shipment confirmations are sent based on a tracking input when the package starts its route (likely pick-up, placed on conveyer belt and/or scanned out to loading dock/out of warehouse, etc.) to its destination (delivery address).

19. DIAKON LOGISTICS, INC.'s contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiff unless and until a monetary judgment is entered in favor of Plaintiff and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the 6,415,207, 6,904,359, 6,763,299, 7,400,970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against DIAKON LOGISTICS, INC. and its subsidiaries, affiliates, agents, servants, employees and all

persons in active concert or participation with DIAKON LOGISTICS, INC. granting the following relief:

    A.    An award of damages against DIAKON LOGISTICS, INC., adequate to compensate Plaintiff for the infringement that has occurred with respect to DIAKON LOGISTICS, INC., together with prejudgment interest from the date that DIAKON LOGISTICS, INC.'s infringement of the patents at issue began;

    B.    Increased damages as permitted pursuant to 35 U.S.C. § 284;

    C.    A finding that this case is exceptional and award to Plaintiff its attorney's fees and costs as provided by 35 U.S.C. § 285;

    D.    All other relief as the Court or a jury may deem proper and just in this instance.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 16, 2016.

Respectfully submitted,

VINCENT J. LA PAGLIA, ESQ.
**Attorney ID #: 012771976**
**Attorney at Law**
**80 River Street, Suite 306**
**Hoboken, NJ 07030**
**(201) 222-6615 – telephone**
**(201) 222-6318 – facsimile**
vjl@vlapaglialaw.com
**Counsel for Plaintiff**